JOHNSON, Judge.
This is an appeal from a final judgment rendered in favor of the defendants-ap-pellees subsequent to a jury verdict for the defendants and a denial of the plaintiff’s motion for a new trial.
*526 Archie S. Hagan, 16 year old son of the appellant,, was killed on State Road A1A, a public highway in St. Johns County when struck by defendants’ automobile. At the time of the fatal accident, the appellant had parked his truck on the East side of the highway facing north, to assist another car which was out of gas and which was also parked on the east side of said highway and heading north. Both of the parked automobiles had their parking or dim lights burning. The time was about 7:40 P.M.
The evidence shows that the deceased was walking on the eastern edge of the highway going from the truck to the stalled auto, which was south of the truck. The defendants each testified that they had followed another car, later identified as belonging to a Mr. Oliver, for approximately two miles, without attempting to pass. Also, the defendants admitted seeing the two vehicles parked on the east side of the road with lights of some kind burning. It was at this particular time that the defendants elected to pass the Oliver’s car. The ap-pellees say they did not see the deceased boy at any time, but felt or heard an impact indicating they had hit something at about the time they were even with the Oliver car as well as pretty close to the parked vehicles, apparently just after the appellees’ car had passed the parked truck.
The trial court gave, inter alia, the following instruction to the jury over the objection of the plaintiff:
“The court charges the jury that under the law of this state regulating traffic on highways, the statute for the regulation of pedestrian travel outside municipalities, section 317.01001(3), Florida Statutes, provides as follows:
“Where sidewalks are not provided any pedestrian walking along and upon a highway shall, when practicable, walk only on the shoulder on the left side of the roadway in relation to the pedestrian’s direction of travel, facing traffic which may approach from the opposite direction.
“I further charge you that a violation of a statute is prima facie evidence of negligence * * * ”
Section 317.01001(15), Florida Statutes, F.S.A., provides:
“(15) The provisions of subsections (1) — (13) shall not be construed as creating, and shall not be admissible in aid of, any right, action or defense in any civil action.”
The appellant made several assignments of error, but relies in his brief upon the one point, the error in giving the above instruction to the jury as to Section 317.-01001(3), Florida Statutes, F.S.A.
The appellees contend that the appellant opened the door to this charge when the appellant requested a charge on Florida Statutes Chapter 317.221(1) which reads as follows:
“(1) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.”
and that by requesting such an instruction as to the motorist, the appellant had waived any error in the court giving the instruction on the pedestrian statute.
We cannot agree with the ap-pellees’ last contention. There is no prohibition against the use of sections 317.221(1), Florida Statutes as there is in 317.01001 (15), which in clear language provides that sections 317.01001, subsections (1) through (13) shall not be construed as creating, and shall not be admissible in aid of, any right, action or defense in any civil action. If the quoted pedestrian sections do not create any right or action, then it necessarily follows that a violation thereof can *527 not give rise to an action nor defense based thereon.
 The lower court not only violated the provisions of 317.01001(15), Florida Statutes, but in our opinion aggravated his error by immediately thereafter the charge: “I further charge you that a violation of a statute is prima facie evidence of negligence”. There was evidence of negligence on the part of the appellee driver of the death car in passing at an area where he admits seeing people by parked automobiles. He had followed a car for two miles during which time, according to his own testimony, the traffic was light, two or three cars he’d met. So, there being sufficient evidence from which the jury could have found negligence on the part of the appellee, we are compelled to the opinion that where the error is made to appear as here, injury is presumed to follow,[1] and that in the case sub judice the error was so prejudicial as to warrant a reversal and a new trial.
Reversed and remanded for a new trial.
RAWLS, Chief Judge, and CARROLL, DONALD K., J., concur.

. Southern Home Ins. Co. v. Putnal, 57 Fla. 199, 49 So. 922, 929 (1909).